STATE ex rel. ALLEN vs. LYON.

*Statutory Construction: Repeal by implication     Term of office of person elected clerk of circuit court to fill vacancy.*

1. The state constitution (art. VII, sec. 12) provides that one elected clerk of the circuit court to fill a vacancy "shall hold his office for a full term," i. e., two years; but leaves it to the legislature to determine *when* such term shall commence, the vacancy being filled in the meantime by appointment.
2. Sec. 99, ch. 7, R. S. 1858, provided that "the regular term of office of all state and county officers, when elected for a full term" should commence "on the first day of January next succeeding their election." Sec. 66, ch. 13 of the same revision, provided that "the regular term of office of the clerks of the circuit courts" should commence "on the first day of January succeeding their election;" adding: "but those elected to supply vacancies may qualify and enter upon the duties of their office immediately after being notified of their election." Ch. 65 of 1862 expressly amended the former statute so as to read: "The regular term of office of all state and county officers, when elected for a full term, shall commence on the first Monday of January next succeeding their

election." *Held*, that this repealed by implication sec. 66, ch. 13, above recited; and that thereafter the term of one elected clerk of the circuit court to fill a vacancy would run for two years from the first Monday of January next after his election.

APPEAL from the Circuit Court for *Walworth* County. The case is thus stated by Mr. Justice COLE:

"The facts upon which the question in this case arises, as contained in the stipulation of the parties, stated in a concise form, are these: On the 20th day of May, 1875, a vacancy existed in the office of clerk of the circuit court for Walworth county, occasioned by the resignation on that day of the office by Judge Wentworth, who was then holding the office and acting as clerk under his election thereto at the general election in November, 1874, for the full term of two years commencing at the time fixed by law. On the 20th of May, the defendant was appointed by the judge of the circuit court to fill the vacancy thus existing. At the general election in November, 1875, the defendant was elected clerk, and on the 22d of that month he qualified for the office. At the general election in November, 1877, the relator was elected to the office; on the 19th of that month he received official notice of his election; on the 12th of December and on the 1st and 7th days of January following, he made and subscribed his oath of office, and filed his official bond executed in manner and form as required by law. He also, on the 1st and 7th days of January; demanded of the defendant the books and records belonging to the office. In the general election notice for the general election in November, 1877, the sheriff gave notice that there would be a clerk of the circuit court chosen in place of the defendant, whose term would expire on the first Monday of January, 1878; and in the official certificate received by the relator on the 19th day of November, the county clerk stated that the relator was elected to a term commencing on the 1st day of January, 1878. The circuit court, upon the facts, held that the relator was elected at the general election in November, 1877, to the office of the clerk of the circuit

State ex rel. Allen vs. Lyon.

court for a full and regular term of that office commencing on the first Monday of January, 1878, and gave judgment in his favor. The sole question to be considered is as to the correctness of that decision."

For the appellant, a brief was filed signed by *Smith & Wheeler* as his attorneys, with *H. S. Winsor* and *T. D. Weeks*, of counsel; and the cause was argued orally by *B. J. Stevens*.

For the respondent, a brief was filed signed by *Norcross & Dunwiddie* as attorneys, with *John R. Bennett*, of counsel; and the cause was argued orally by *Mr. Norcross* and *Mr. Bennett*.

COLE, J. This cause was very ably and fully argued in the briefs of counsel on both sides, who have referred to and commented on the various provisions of the constitution and statutes bearing on the question to be decided. It is obvious that the controlling question in the case relates to the time that the defendant's term of office under his election in November, 1875, commenced; or, to state the question in another form, when did his right to hold the office terminate? The latter point being settled, as a logical sequence the relator's term would commence when the defendant's right to hold the office ceased.

Section 12, article VII of the constitution, provides that there shall be a clerk of the circuit court chosen in each county organized for judicial purposes, by the qualified electors thereof, who shall hold his office for two years, subject to removal as shall be provided by law. In case of a vacancy, the judge of the circuit court shall have power to appoint a clerk until the vacancy shall be filled by an election. The clerk thus elected or appointed shall give such security as the legislature may require; and, when elected, shall hold his office for a full term. This is the constitutional provision upon the subject, which we have to construe. It will be seen that it fixes the term for two years, whether the clerk is elected to fill a vacancy or for a regular term. As already stated, the defendant was elected in November, 1875, and duly qualified on the 22d of

that month, according to the stipulation of the parties and the facts found by the circuit court. He was at that time discharging the duties of the office under his previous appointment, and of course was his own successor therein. But when did his full term for two years commence to run, and for what period did his right to hold the office continue? The contention of his counsel is, that the term commenced to run as soon as he qualified on the 22d of November, under the above provision of the constitution, and that his title under his appointment *eo instanti* ceased. Further, that the defendant's term ended on the 21st, and his successor's term commenced on the 22d of November, 1877. This position he claims is fully warranted and sustained by the constitutional provision. We are not able to agree with the learned counsel in that view; nor do we think that this is the fair and natural meaning of the constitution. The framers of that instrument were here providing for the election of clerks of the circuit court; fixing the term of that office; and providing for filling vacancies which might occur. They were not providing for the commencement of the term of office, but seem to have left that matter to be regulated by the legislature. But the clerk, when elected, whether to fill a vacancy or otherwise, would hold his office for a full term, or two years. This seems to be the scope and meaning of the constitutional provision. Upon referring to the statutes regulating the commencement of the terms of office, we find these provisions: In the revision of 1849 it is provided (sec. 87, ch. 6) that "the regular term of office of all state and county officers, when elected for a full term, shall commence on the first day of January next succeeding their election." By sec. 56, ch. 10 of the same revision, it is provided that "the regular term of office of the clerks of the circuit court shall commence on the 1st day of January succeeding their election; but those elected to supply vacancies may qualify and enter upon the duties of their office immediately after being notified of their election." These same provisions were literally reënacted in the revision of 1858: ch. 7, sec. 99, and ch. 13, sec. 66. In 1862, the legislature passed a stat-

ute which reads as follows: "Section 99 of chapter 7 of the revised statutes, entitled 'Of general and special elections; of the manner of conducting the same, and of the canvass,' is hereby amended so as to read as follows, viz.: The regular term of office of all state and county officers, when elected for a full term, shall commence on the 1st Monday of January next succeeding their election." This is a general statute, enacted subsequent to both provisions in the revision in regard to the commencement of the regular term of office of state and county officers and the office of the clerk of the circuit court. It expressly abrogates section 99, and by the strongest and most necessary implication repeals sec. 66, as far as the commencement of the regular term of office of clerk of the circuit court is concerned. It undoubtedly fixed the time when the relator's term of office would commence. It is said that the change in the general provision (sec. 99) left the special provision (sec. 66), relating to the clerk, in force, under the rule that a special provision controls a general provision where the two are in conflict. There is no doubt about the correctness of the rule, but it can have no application here, because the subsequent statute of 1862 applies to both provisions. That it is the manifest intention of the legislature it should so apply, there can be no doubt. If we are correct in this view, it is not important or necessary to determine whether the defendant, after his qualification in November, 1875, held the office by virtue of his appointment or election. The statute provides that when the clerk is elected to supply a vacancy he may qualify and enter upon the duties of his office immediately after being notified of his election. But this does not apply to or affect the right of the relator, who was elected for a full term which commenced on the 1st Monday of January next succeeding his election. As a matter of course, the defendant would hold the office until the commencement of his successor's term.

No question is made as to the validity of the defendant's election in November, 1875, nor could there well be. Such election was fully authorized by secs. 3 and 5, ch. 7, R. S. 1858. When elected, he would hold the office for two years under the

constitution, and until his successor was chosen and qualified. His successor must necessarily have been chosen at the general election in November, 1877, though, as already stated, his term would not commence until the first Monday of January following. It is said by defendant's counsel that all county officers must be chosen at a general election held in an even year, according to sec. 97, ch. 7, R. S. 1858. That this is the general rule or policy of the statute there can be no doubt, but it has to be departed from when a vacancy occurs, as in the case before us. Proper notice was given at the general election in 1877, that a clerk of the circuit court would be chosen at that election in place of the defendant, whose term of office would expire on the first Monday of January, 1878. It is not claimed or pretended that the election was not fair at that time. Indeed it appears that both the relator and defendant were candidates for the office and received votes at the election. If the relator's term commenced on the first Monday of January, 1878, as we have held, there is no question but he qualified in time. We have examined all the provisions of the statutes and authorities cited by defendant's counsel, but find nothing in them to change our conclusion that the judgment of the circuit court is correct and must be affirmed.

*By the Court.* — Judgment affirmed.

RYAN, C. J., took no part.